PHILLIP LABEAU v. ADOLPHUS LABEAU AND RICHARD LA-
BEAU.

*Title to land—Put in issue where declaration describes land, avers plaintiff's ownership in fee, and defendants give notice of title under statute—Trial in circuit court—Deed to plaintiff, with use of land reserved to grantors for their lives—Coupled with proof of plaintiff's working land on shares under grantors—Defeats his action—On directing verdict for defendants they are entitled to costs—Error to certify that title to land did not come in question.*

Plaintiff sued defendants in justice's court, declaring for an alleged injury to lands described in his declaration, in which he averred his ownership in fee, and possession at time of the trespass counted on. The defendants, with their plea of the general issue, gave notice of title, filing the statutory bond (How. Stat. §§ 6890-2), and the justice certified the case to the circuit court for trial.

On the trial the plaintiff testified to his possession and defendants' entry, and offered in evidence a warranty deed from Isaac Dene and wife to him of the land, in which they reserved its use during their lives. Mrs. Dene was sworn in behalf of plaintiff, and testified "that she lived on the land, and had since she sold it to plaintiff, who worked it on shares, giving her one-half the crops." After the defendants testified concerning the alleged trespass, the court stopped the trial and directed a verdict of not guilty, with costs in favor of the defendants. Some days afterwards the court certified that the title to land did not come in question upon the trial, and ordered the entry of a judgment for costs in favor of the plaintiff.

*Held*, error. That the title was directly put in issue by the pleadings, and was necessarily brought in issue under the proofs and passed upon by the jury; and that the judge's certificate must be vacated, and judgment for costs re-entered in favor of defendants, the statute being imperative under the circumstances. (See note.)

Error to Monroe. (Joslyn, J.) Argued April 15, 1886. Decided April 22, 1886.

Trespass to lands. Defendants bring error. Judgment reversed as to costs, and one entered in favor of defendants. The facts are stated in the opinion and head-note.

*Ira R. Grosvenor* and *C. A. Golden*, for appellants: (Brief by Grosvenor.)

The trial was stopped before the testimony was all in. The plaintiff had introduced his muniments of title, but failed to show either title or exclusive possession in himself, and the court directed a verdict substantially as in case of nonsuit. It may well be questioned whether How. Stat. § 6897, applies to such a case, but it is ruled by § 8967, which would give costs to defendants. Defendants were obliged to give notice of title in view of plaintiff's declaration, which averred it to be in plaintiff, for without such notice they would have been precluded from showing any right in themselves and have admitted plaintiff's alleged title: *Gay v. Hults*, 55 Mich. 327–9; *Keyser v. Sutherland*, 59 Mich. 455–465.[1]

---

[1] "Under the general issue the defendant in the trespass suit (in justice's court) could only contest the fact of the trespass, the narrow issue thus made excluding any assertion or trial of ownership of the land, and for the purposes of that trial he conceded the title to be in the plaintiff." *Keyser v. Sutherland*, 59 Mich. 455 (head-note 5).

The title to land is always in question when made so by either the pleadings or proofs, and in this case issue was tendered by the pleadings and passed upon by the jury on the proofs: *Gay v. Hults*, 55 Mich. 327–9.

*Gouv. Morris*, for plaintiff:

Courts of record have full power to amend their records and judgments: *Lorman v. Benson*, 9 Mich. 241.

The only question raised by the record is whether the trial judge was justified, under the evidence, in certifying that title to land did not come in question. The claim of defendants that the judgment entered was one of nonsuit cannot be sustained. Plaintiff did not submit to a nonsuit, nor could the court compel him to do so. Testimony was given, and a verdict rendered by the jury: *Cahill v. Kalamazoo Mut. Ins. Co.*, 2 Doug. 124–133. The court directed a verdict and judgment against the plaintiff because he failed to show that he was in the actual possession of the lands, and it being purely a question of possession, the notice of defendants' claim to title was unnecessary, and the case could have been tried and determined before the justice of the peace: *Ehle & Sart v. Quackenboss*, 6 Hill, 537; *Dewey v. Bordwell*, 9 Wend. 65 ; *Newcombe v. Irwin*, 55 Mich. 621; and the defendants made no claim of ownership of the land described in plaintiff's declaration, or to the possession of same, on the trial.

SHERWOOD, J. The plaintiff sued the defendants in a plea of trespass before a justice of the peace in Monroe county for an alleged injury to land.

The declaration averred the title of the land to be in the plaintiff, describing it.

On the return-day the defendants appeared, and pleaded to the declaration the general issue, and gave notice that the land upon which the alleged trespasses were committed was the close or freehold of the defendant Adolphus Labeau, and that the acts done thereon complained of were the lawful acts of the defendants. The defendants also accompanied their plea and notice with the bond required by statute, rendering it necessary in such case for the justice to certify the issue thus found to the circuit court for the county for trial.

The case was subsequently tried in the Monroe circuit, before a jury, upon the issue found, and upon the trial the plaintiff, in support of his claim, introduced testimony tending to show title in fee in himself to the premises where the alleged trespass was committed, and, as a part of his proofs, introduced a warranty deed running to himself of the same. It also appeared in the plaintiff's testimony that Isaac Dene had a life-estate in the land for himself and wife, and that the plaintiff swore he was in possession of the land, working it on shares for Mrs. Dene, who also lived upon the same. The defendant was also sworn in the case, and gave testimony in relation to the alleged trespass. The court held that the property injured was the common property of the plaintiff and Mrs. Dene; that plaintiff was her tenant; and, arresting the proofs when this appeared, directed a verdict for the defendants; and thereafter judgment was entered in due form for the defendants, and against the plaintiff, for costs, to be taxed. This judgment was entered on the eighteenth of September, 1885, and an order was at the time granted extending time for plaintiff to enter motion for a new trial.

On the twenty-fifth of September the circuit judge made and filed, under the statute, a certificate that the title to lands did not come in question upon the trial.

To this certificate, and the entry thereof, the defendants objected for the reason that the title to land did come in question upon the trial, and that the entry of the certificate is not supported by the pleadings and proofs in the case. This objection was filed on the fifth day of November, 1885, and on the twenty-seventh of the same month the circuit judge ordered the judgment entered on the verdict to be vacated, so far as relates to costs, and modified so as to give costs to plaintiff.

This was error, and to correct which the defendants bring the case into this Court.

The circuit judge took his final action in the case under the impression, undoubtedly, that unless the defendants' title of which he gave notice was necessarily in the case, or was

successfully interposed upon the trial, the defendants, even though they prevailed in the suit, would not be entitled to their costs; but this is not the correct construction of the statute. See How. Stat. § 6897. [1]

The declaration averred title in fee and possession of the *locus in quo* in the plaintiff, and gave a description of the land. The defendants denied this title, and expressly averred that the freehold was in one of the defendants, and that both entered upon the premises in question lawfully and by lawful right. It is difficult to see how the title could be more directly put in issue under the pleadings.

Upon the trial the plaintiff offered in evidence the conveyance, with warranty, under which he claimed. This was properly done, and the evidence had to be passed upon by the jury under proper instructions from the court, and thus was brought in issue, upon both the pleadings and the proofs, the title of the plaintiff to the land upon which the injury is alleged to have been committed, and the judge's certificate holding otherwise must be vacated, and judgment re-entered in the circuit court allowing defendants to recover their costs. The statute is imperative, under the circumstances. [2]

Defendants will also recover their costs in this Court.

The other Justices concurred.

---

[2] How. Stat. § 8964, provides for costs in favor of a plaintiff who recovers judgment, in all actions where the title of lands shall have been put in issue by the pleadings, or shall have come in question on the trial of the cause; and How. Stat. § 8967, reads as follows:

" In all actions and proceedings in which the plaintiff would be entitled to costs, upon a judgment rendered in his favor, if, after the appearance of the defendant, such plaintiff be nonsuited, discontinue his suit, be non-prossed, or judgment pass against him on verdict, demurrer, or otherwise; or in case a plaintiff recover judgment, but not enough to entitle him to costs; the defendant *shall* have judgment to recover against such plaintiff his *full* costs, which shall have the like effect as all other judgments."

[1] "If the judgment in such suit" (where removed by plea and notice) "in the circuit or district court shall be for the plaintiff, he shall recover double costs; if it be for the defendant (other than judgment of nonsuit), and the presiding judge of the court before which the issue is tried, shall certify that the title to lands did *not* come in question, the defendant shall not recover costs, but shall pay costs to the plaintiff."